# NO. 12-22-00217-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSICA ELIZABETH TREJO,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Jessica Elizabeth Trejo appeals her conviction for aggravated assault causing serious bodily injury. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault causing serious bodily injury.[1] She pleaded "guilty" to the charge without an agreement as to punishment. The trial court ordered a presentence investigation report, and the matter proceeded to a bench trial on punishment.

At the punishment trial, Appellant and the victim told somewhat different stories. Appellant testified that her daughter's father, Ricardo Reyes, was asking to see his daughter, Dorothy,[2] so Appellant met him at his sister's house. Reyes entered the car with Appellant and

---

[1] A second-degree felony punishable by imprisonment for a term of not more than twenty years or less than two years and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(1), (b) (West Supp. 2022), 12.33 (West 2019).

[2] A pseudonym.

they argued. Appellant heard someone screaming Reyes's name. Reyes exited the car and began arguing with his wife, Monica Falcon. Someone tried to open Dorothy's car door. Believing they were trying to take Dorothy, Appellant exited the car, argued with Reyes and Falcon, and took a knife from Reyes's pocket. Appellant "was trying to harm Ricardo and ended up hurting Ms. Falcon."

Falcon testified that Reyes told her to take him to his sister's house because he and Appellant were "going to go to Houston or something." When they arrived at Reyes's sister's house, Reyes entered the car with Appellant. Falcon, suddenly feeling unsure of the situation, exited her car and began yelling Reyes's name. Appellant started backing her car toward Falcon, and Falcon jumped out of the way. Appellant exited her car, began fighting with Falcon, and then stabbed her in the eye. Falcon lost the use of her eye as a result and suffered a stab wound to the back.

Ultimately, the trial court assessed Appellant's punishment at imprisonment for twelve years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that he has reviewed the record and found no error that could support an appeal. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

Appellant contends in her pro se response that (1) her defense attorney was ineffective because a screenshot of some text messages was admitted into evidence without proof that she sent them, and (2) Reyes was improperly excluded as a witness because neither the State nor the defense called him.

When faced with an ***Anders*** brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable

---

[3] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. ***Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

## CONCLUSION

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review on her behalf or she must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 28, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 28, 2023**

**NO. 12-22-00217-CR**

**JESSICA ELIZABETH TREJO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court
of Angelina County, Texas (Tr.Ct.No. 2021-0568)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*